**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-5036

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DEZMEND RASHAWN DOWEARY, a/k/a Hit,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, District Judge.  (CR-04-16)

Submitted:  March 10, 2006          Decided:  March 30, 2006

Before WILKINSON and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Charles R. Burke, Virginia Beach, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Darryl J. Mitchell, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Dezmend Rashawn Doweary seeks to appeal his conviction and sentence to 262 months in prison and five years of supervised release after pleading guilty to conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846 (2000). Doweary seeks a remand to the district court for resentencing to impose an alternative sentence announced by the district court after Blakely v. Washington, 542 U.S. 296 (2004), and prior to United States v. Booker, 543 U.S. 220 (2005). Because Doweary waived his appellate rights in his plea agreement, we grant the Government's motion to dismiss and deny Doweary's motion to remand.

When the Government seeks to enforce a waiver of appellate rights, and there is no claim that the Government breached the plea agreement, this court will enforce the waiver if the record establishes the defendant knowingly and intelligently agreed to waive the right to appeal, and the issue being appealed is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005). "An appeal waiver is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision of the plea agreement during the Rule 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver." United States v. Johnson, 410 F.3d

- 2 -

137, 151 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 461 (2005) (internal quotations and citations omitted).

In his plea agreement, Doweary waived his right to appeal his conviction and "any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) on . . . any ground whatsoever."  The district court specifically questioned Doweary concerning the appellate waiver at his guilty plea hearing, and he reaffirmed the waiver at sentencing.  Doweary does not assert that his sentence exceeded the statutory maximum or that the Government breached the plea agreement.  Rather, he argues he could not have anticipated announcement of the alternative sentence in the wake of <u>Blakely</u>, and his waiver was therefore unknowing and involuntary.  We conclude this argument is foreclosed by our decisions in <u>Blick</u>, 408 F.3d at 170, and <u>Johnson</u>, 410 F.3d at 153.

Accordingly, we grant the Government's motion to dismiss and deny Doweary's motion to remand.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>